**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**RICARDO DIAZ**                                                                   **PETITIONER**

**v.**                                             **CIVIL ACTION NO. 3:13cv850-DCB-MTP**

**B. MOSELY**                                                                   **RESPONDENT**

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on the *pro se* Petitioner for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [1] submitted by Petitioner Ricardo Diaz. Having carefully considered the Petition and the Response [9], the undersigned recommends that the Petition [1] be denied with prejudice.

## BACKGROUND

Petitioner Ricardo Diaz is a former federal inmate who was incarcerated at the Federal Correctional Facility ("FCI") in Yazoo City, Mississippi, operated by the Federal Bureau of Prisons ("BOP"), at the time he filed the instant Petition. He has since been released from prison, but remains under supervised release.[1] On February 14, 2011, Plaintiff was sentenced to a forty-six (46) month term of imprisonment in the custody of the BOP following his conviction for importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960(b)(1)(B).[2]

---

[1] *See* Public Information Inmate Data [9-1] at 3; Change of Address [10]. The undersigned recognizes that a petitioner's release from custody does not necessarily render a habeas petition moot. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) ("In this case, the possibility that the district court may alter [petitioner's] period of supervised release . . . if it determines that he has served excess prison time, prevents [the] petition from being moot.") (citing *Ojo v. INS*, 106 F.3d 680, 681 n.2 (5th Cir. 1997) (holding that petitioner who had completed his prison term and was in his three-year term of supervised release was "in custody" for habeas purposes)).

[2] *See* Public Information Inmate Data [9-1] at 3.

1

The events giving rise to the filing of this action occurred while Petitioner was incarcerated at FCI Texarkana, located in Texarkana, Texas.[3] Petitioner filed the instant action on or about May 13, 2013, in which he challenges a conviction in a disciplinary proceeding by the BOP following the discovery of contraband in Petitioner's cell.[4] The incident report reflects that on May 15, 2012, a large-scale search was conducted of the entire Texarkana facility. All inmates were directed to pack their property and report to the T.V. room, where staff members were conducting audits. After their property was searched, the inmates were to report outside to receive their new bunk assignments.

During the search, officers found four drinking cups covered in gang graffiti and other contraband items among Petitioner's possessions. BOP Officer D. Endsley confiscated the contraband items and ordered Petitioner to report to the area outside to receive his bunk assignment. Petitioner responded in a loud, aggressive voice, "I want my f*****g cups. I'm not leaving," which drew the attention of other inmates in the vicinity. Due to his disruptive behavior, Petitioner was escorted from the area.[5]

Petitioner was served with a copy of the incident report the next day, May 16, 2012. Petitioner was charged with (1) conduct disruptive to orderly running of a BOP facility in violation

---

[3]*See* Petition [1] at 2. Although the events giving rise to the Petition occurred outside of this district, this Court nonetheless retains jurisdiction over this matter. Jurisdiction must be judged as of the time a petition is filed. *See Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). The United States Court of Appeals for the Fifth Circuit has firmly stated that "the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Id.* at 373. At set forth above, Plaintiff was incarcerated at FCI Yazoo City at the time he filed the instant Petition, which is located within this district.

[4]*See* generally Petition [1].

[5]*See* Incident Report [9-3] at 2.

of disciplinary code 299; (2) refusal to obey an order of any staff member in violation of disciplinary code 307; and (3) possession of anything unauthorized in violation of disciplinary code 305.[6] Petitioner was advised of his right to remain silent, but nonetheless stated, in part, "[Endsley] got all my cups and said I am going to confiscate them because they got graffiti on them. I said I got no problem with that but one of them was given to me at DAP and I would like that one. I just want my cup from DAP."[7]

At the conclusion of the initial investigation, the incident was referred to the Unit Disciplinary Committee ("UDC"). Plaintiff made no statement when he appeared before the Committee. On May 22, 2012, the UDC referred the incident to a Disciplinary Hearing Officer ("DHO").

According to the "Notice of Discipline Hearing Before the DHO" form, Petitioner was given notice of the hearing on May 22, 2012, at 3:24 p.m. The form, signed and dated by the Petitioner, reflects that Petitioner was advised of his right to call witnesses, present documentary evidence, and have a staff member represent him at the hearing. Petitioner did not wish to present witnesses or have the representation of a staff member.[8]

The DHO hearing was held on May 31, 2012, at 1:00 p.m., before DHO Jill Rosiles. The DHO report reflects that Petitioner denied that the cups were covered in gang graffiti, but admitted that at least one of the cups was contraband: "He wouldn't give me the cups. I'm not a gang member. They didn't have gang writing on them. He never told me to leave. The cup with my name

---

[6]*Id.*

[7]*Id.* at 3.

[8]*See* Notice of Discipline Hearing Before the DHO [9-4].

3

on it was unauthorized."[9] Petitioner offered no documentary evidence and presented no other witnesses. The DHO also considered the incident report written by Officer Endsley.

At the conclusion of the hearing, Petitioner was found guilty of refusing to obey an order and possession of anything unauthorized, but was found not guilty of disruptive conduct. The DHO wrote:

> The evidence relied upon to support this finding is the written statement of Officer Endsley . . . . He discovered four altered drinking cups with gang graffiti on them in your property. He confiscated them and ordered you to the outside sta[g]ing area. You stated, "I want my "f*****g cups. I'm not leaving."
>
> At the DHO hearing, you admitted [to] having an unauthorized cup when you stated the cup with your name on it was not authorized. You denied refusing an order when you stated the officer never told you to leave.
>
> In deciding this issue, I did not find your defense credible. The officer clearly ordered you to report to the outside staging area and you stated you were not leaving. I found your admission [of] having an unauthorized cup, and the reporting staff member's written statement, sufficient evidence to uphold [your convictions]. [10]

Petitioner was sentenced to a loss of fourteen days good conduct time, fifteen days of disciplinary segregation, and the loss of privileges for sixty days.

## ANALYSIS

Petitioner argues that he is entitled to habeas relief because the staff at FCI Texarkana failed to address acts of discrimination aimed at him. Petitioner also argues the DHO at his disciplinary hearing relied upon false statements to find him guilty and imposed too severe a punishment. The undersigned will address each of these issues in turn.

---

[9]*See* DHO Report [9-6] at 2; *see also* Declaration of Jill Rosiles [9-2].

[10]*See* DHO Report [9-6] at 3-4.

4

*Discrimination*

Petitioner generally alleges that several individuals at FCI Texarkana "had the opportunity to address and correct the [d]iscrimination as it was being p[e]rpetrated" but failed to do so.[11] As an initial matter, there must be a determination whether this claim is properly before this Court. A petitioner may attack the manner in which is sentence is being executed pursuant to 28 U.S.C. § 2241; *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). A habeas petition, however, is not the proper vehicle "to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976) (holding that the "sole function" for a habeas action "is the grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.").

In this case, Plaintiff generally alleges that he experienced acts of discrimination while incarcerated at FCI Texarkana. He does not allege that these acts of discrimination were in any way connected to his disciplinary hearing or revocation of time credits, except to allege that the DHO should have addressed and corrected the issue. Having reviewed the entire record, the undersigned finds that this claim presented by Petitioner challenges the conditions of his confinement, and has nothing to do with a claim of early release from BOP custody. Accordingly, Petitioner cannot maintain a habeas action on this ground pursuant to Section 2241. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (holding that injunctive relief, such as early release, regarding petitioner's conditions of confinement claim is not available under habeas review); *Hernandez v. Garrison*, 916 F.2d 291, 292-93 (5th Cir. 1990 (same).

---

[11]*See* Petition [1] at 6.

*False Statements*

Petitioner appears to challenge the adequacy of disciplinary process exercised against him at FCI Texarkana, which resulted in, *inter alia*, the loss of fourteen (14) days of good conduct time. The United States Supreme Court has held that "some evidence" must support a guilty finding at a petitioner's disciplinary hearing where the conviction results in the loss of good time credits. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985).

To the extent Petitioner's argument is construed as a sufficiency of the evidence challenge, the undersigned finds it to be without merit. *See Brooks v. Director, TDCJ-CID*, 2013 WL 2155349, at \*3 (E.D. Tex. May 17, 2013) (considering petitioner's challenge that false evidence was offered at his disciplinary hearing as an argument regarding the sufficiency of the evidence). The United States Supreme Court has held:

> Requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." *United States ex rel. Vajtauer v. Commissioner of Immigration,* 273 U.S. 103, 106 (1927). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Walpole*, 472 U.S. at 455-56.

The Court in *Walpole* went on to explain while the loss of earned time creates due process concerns, it does not warrant the same protections as criminal convictions: "Revocation of good time credits is not comparable to a criminal conviction . . . and neither the amount of evidence necessary to support such a conviction . . . nor any other standard greater than some evidence applies in this context." *Id.* at 456.

6

In this case, there was clearly "some evidence" to support Petitioner's disciplinary conviction. *Id.* As specified by the DHO, the Petitioner admitted at the hearing that at least one of his cups was contraband. The DHO also relied upon the written report of Officer Endsley. That the DHO found Endsley's version of events more credible than that of the Petitioner will not serve to overturn his conviction. Accordingly, the undersigned finds that Petitioner is not entitled to relief on this ground.

*Severity of Punishment*

Petitioner alleges that the resulting sentence of his disciplinary conviction was excessive. As outlined above, the DHO sanctioned Petitioner to fifteen days in disciplinary segregation, loss of privileges for sixty days, and a loss of fourteen days of good conduct time.

A disproportionate sentence may violate the Eighth Amendment. *See McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992). When evaluating an Eighth Amendment proportionality challenge, the Court must first make a threshold comparison between the gravity of the charged offense and the severity of the sentence. *Id.* If the sentence is not grossly disproportionate to the offense, the inquiry is complete. *See id.* at 316. Furthermore, it is "the rare case when a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality." *Id.* (quoting *Harmelin v. Michigan*, 501 U.S. 957 (1991) (J. Kennedy, concurring); *see also Dillard v. Thaler*, 2010 WL 3056654, at *9-10 (S.D. Tex. July 20, 2010) (applying the standard set forth in *McGruder* to a sentence petitioner received as a result of a disciplinary conviction).

Prisoner was found guilty of disobeying an order and possessing contraband. Respondent

states that these acts are both "300-level" offenses,[12] and that pursuant to federal regulation, the following sanctions, *inter alia*, are available:

(1) Forfeiture and/or withhold earned statutory good time or non-vested good conduct time up to 25% or up to 30 days, whichever is less, and/or terminate or disallow extra good time;

(2) Disallow ordinarily up to 25% (1-14 days) of good conduct time credit available for year

(3) Disciplinary segregation up to 3 months

(4) Loss of privileges (e.g., visiting, telephone, commissary, movies, recreation).[13]

In this case, the DHO sentenced Petitioner to the loss of fourteen days good conduct time, fifteen days of disciplinary segregation, and the loss of privileges for sixty days–all of which are within the bounds set forth by federal regulation. *See United States v. Sullivan*, 895 F.2d 1030, (5th Cir. 1990) (quoting *Solem v. Helm*, 463 U.S. 277, 290 n.16 (1983) ("Although no sentence is *per se* constitutional, "[r]eviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes[.]'"). Petitioner was found guilty of possessing contraband and disobeying a direct order of a BOP officer. Both offenses pose considerable security risks to a correctional facility, and the undersigned finds the relatively mild punishment Petitioner received is not grossly disproportionate to his offenses. Accordingly, relief should be denied as to this ground.[14]

---

[12]*See* Response [9] at 8; *see also* 28 C.F.R. § 541.3 (indicating that both of offenses of which Petitioner were convicted are "moderate severity level prohibited acts").

[13]*Id.*

[14]Respondent attempts to frame this challenge as an alleged violation of the Fourteenth Amendment's Equal Protection Clause. *See* Response [9] at 9. However, Petitioner does not articulate any equal protection argument, and his allegations of discrimination seem to be directed at prison conditions that were not corrected by the BOP staff, including the DHO.

8

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Ricardo Diaz's Petition for Writ of Habeas Corpus [1] be denied and dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 30th day of June, 2016.

s/Michael T. Parker
United States Magistrate Judge

---

Petitioner does not allege that he was the victim of discrimination at his disciplinary hearing.